IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY WAYNE SHEAD, <br> TDCJ-CID NO. 362378, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-12-0553 |

## MEMORANDUM OPINION AND ORDER

Billy Wayne Shead filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1)[1] challenging his parole revocation. Pending before the court is Respondent's Motion to Dismiss with Brief in Support (Docket Entry No. 10)[2] to which Shead has not filed a response. For the reasons stated below, the court will grant the Director's Motion and deny Shead's Petition.

---

[1] Petition for a Writ of Habeas Corpus by a Person in State Custody ("Shead's Petition"), Docket Entry No. 1.

[2] Respondent's Motion to Dismiss with Brief in Support ("Director's Motion"), Docket Entry No. 10.

## I. Procedural History and Claims

### A. Procedural History

Shead was convicted in the 178th District Court of Harris County, Texas, of burglary of a habitation, attempted capital murder, robbery, and sexual abuse.[3] On August 17, 1983, the trial court sentenced Shead to 10 years of confinement for his burglary conviction, 30 years of confinement for his attempted capital murder conviction, 10 years of confinement for his robbery conviction, and 10 years of confinement to be served consecutive to the other three convictions for his sexual abuse conviction.[4]

Shead appealed the trial court judgment to the First Court of Appeals of Texas.[5] On August 9, 1984, the appellate court affirmed

---

[3] Plea of No Contest, Docket Entry No. 9-4, p. 63 (sexual abuse charge); Plea of No Contest, Docket Entry No. 9-6, p. 40 (attempted capital murder charge); Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-4, p. 8; Shead v. State, Nos. 01-83-0575-CR, 01-83-0581-CR, 01-83-0582-CR, 01-83-0783-CR (Tex. App.—Houston [1st Dist.] 1984), Docket Entry No. 9-4, p. 71. Page citations to state trial court and state court of appeals documents, including the record and state court orders, are to the pagination imprinted by the federal court's electronic filing system on the top of the document. Page citations to the federal briefs are to the native page numbers in the documents.

[4] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-4, p. 8; Shead v. State, Nos. 01-83-0575-CR, 01-83-0581-CR, 01-83-0582-CR, 01-83-0783-CR (Tex. App.—Houston [1st Dist.] 1984), Docket Entry No. 9-4, p. 71; Affidavit of Charley Valdez, Appendix A to Director's Motion, Docket Entry No. 10-1, p. 2.

[5] Shead v. State, Nos. 01-83-0575-CR, 01-83-0581-CR, 01-83-0582-CR, 01-83-0783-CR (Tex. App.—Houston [1st Dist.] 1984), Docket Entry No. 9-4, pp. 71-73.

Shead's convictions.[6]  Shead did not file a petition for discretionary review to the Texas Court of Criminal Appeals.[7]

Shead was released from state custody to mandatory supervision on April 9, 2004.[8] At the time of his release Shead had completely served his sentences for the burglary and robbery convictions.[9] Shead was released to supervision for the remainder of his sentences for his attempted capital murder and sexual abuse convictions.[10]

In 2006 Shead violated two conditions of his supervised release by unlawfully possessing marijuana and by failing to follow his parole officer's instructions.[11] A pre-revocation warrant for Shead's arrest was issued on July 24, 2006, and the warrant was

---

[6]Id. at 73.

[7]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-4, p. 9.

[8]Affidavit of Christina Propes, Docket Entry No. 9-5, p. 57 (providing information from the Texas Department of Criminal Justice-Parole Division's records as requested by the state habeas court); State's Proposed Order Designating an Issue and Order for Filing Affidavit; Docket No. 9-5, pp. 51-52.

[9]Affidavit of Charley Valdez, Appendix A to Director's Motion, Docket Entry No. 10-1, p. 2.

[10]Id.

[11]Board of Pardons and Paroles Hearing Report Processing Sheet, Exhibit A to Affidavit of Christina Propes, Docket Entry No. 9-5, p. 62.

executed on August 14, 2006.[12] Shead's supervised release was revoked on October 6, 2006.[13]

On January 11, 2007, Shead filed two state applications for writ of habeas corpus challenging the parole revocation and resulting confinement for his attempted capital murder conviction[14] and his sexual abuse conviction.[15] The Texas Court of Criminal Appeals dismissed both applications on June 13, 2007, for noncompliance with Tex. R. App. P. 73.1.[16]

In 2010 Shead again filed two state applications for writ of habeas corpus challenging the parole revocation and resulting confinement.[17] Shead's first application, challenging his

---

[12]Affidavit of Christina Propes, Docket Entry No. 9-5, p. 57.

[13]Id. at 58.

[14]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-2, pp. 8-19.

[15]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-1, pp. 7-18.

[16]Action Taken, Docket Entry No. 9-1, p. 2 (consisting of the following order: "DISMISSED. NONCOMPLIANT WITH TEX. R. APP. P. 73.1."); Action Taken, Docket Entry No. 9-2, p. 2 (consisting of the following order: "DISMISSED. NONCOMPLIANT WITH TEX. R. APP. P. 73.1.").

[17]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-5, pp. 8-19; Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-4, pp. 7-18.

confinement after the parole revocation for his attempted capital murder conviction, was filed on September 13, 2010, and was denied by the Court of Criminal Appeals on January 18, 2012, upon the findings of the trial court and without a hearing.[18] His second application, challenging his confinement after the parole revocation for his sexual abuse conviction, was filed on October 5, 2010,[19] and was denied by the Court of Criminal Appeals on February 16, 2011, upon the findings of the trial court and without a hearing.[20]

Shead signed his federal petition and surrendered it to the custodian for mailing on February 17, 2012.[21] The court therefore considers Shead's Petition as filed on February 17, 2012. See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (finding that a federal habeas petition is considered filed the date it is tendered to prison authorities for mailing).

---

[18]Action Taken, Docket Entry No. 9-5, p. 2 (consisting of the following order: "DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT WITHOUT HEARING.").

[19]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Docket Entry No. 9-4, pp. 7-18.

[20]Action Taken, Docket Entry No. 9-4, p. 2 (consisting of the following order: "DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT WITHOUT HEARING.").

[21]Shead's Petition, Docket Entry No. 1, p. 10 (declaring under penalty of perjury that the Petition was placed in the prison mailing system on February 17, 2012).

### B.   Petitioner's Claims and Director's Response

Shead alleges the following two grounds as bases for habeas relief:

> 1. Applicant has been denied his right to valid parole/mandatory supervision revocation hearing under the state's administrative rules and due process procedure.[22]
>
> 2. Applicant has been punished twice by two sovereign governments for the same information and conduct after already serving an imposed sanction in violation of the double jeapardy clause.[23]

The Director argues that Shead's Petition should be dismissed with prejudice on all claims because the petition is time-barred under 28 U.S.C. § 2244(d).[24]

## II. Analysis

The one-year statute of limitations set out in 28 U.S.C. § 2244(d) bars Shead's Petition. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). The AEDPA establishes a one-year statute of limitations for filing federal court habeas petitions that challenge state court judgments:

---

[22] Id. at 6.

[23] Id.

[24] Director's Motion, Docket Entry No. 10, pp. 3-6.

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection.

28 U.S.C. § 2244(d).  Because Shead challenges the revocation of his supervised release, and not his convictions, subsection (A) is not applicable.  Subsection (B) is not applicable because the record does not reveal any state action that impeded Shead from timely filing his federal habeas petition.  Because Shead does not present a newly recognized constitutional right in his petition, subsection (C) is not applicable.  Subsection (D) therefore governs

Shead's Petition. See Stone v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) ("Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions.").

Both of Shead's claims challenge the revocation of his supervised release.[25] The factual predicate for Shead's claims could have been discovered through the exercise of due diligence by October 6, 2006, the day Shead's parole was revoked. See Heiser v. Johnson, No. 4:99-CV-349, 2001 WL 803542, at *2 (5th Cir. June 8, 2001) (unpublished) (finding that the AEDPA statute of limitations began running on the day the petitioner's mandatory supervision was revoked). The court therefore concludes that the statute of limitations on Shead's federal habeas petition began running on October 6, 2006, and that the limitation period expired one year later, on November 6, 2007.

Under § 2244(d)(2) the limitation period can be tolled while a properly filed application for state post-conviction review is pending. Shead's first set of state writ applications, filed in January of 2007, did not toll the federal statute of limitations because they were dismissed as noncompliant with state filing requirements and thus were not properly filed. See Artuz v. Bennett, 121 S. Ct. 361, 364 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); Edwards v. Dretke,

---

[25]Shead's Petition, Docket Entry No. 1, pp. 2 & 6.

116 F. App'x 470, 471 (5th Cir. 2004) (unpublished) (stating that an application which fails to comply with Tex. R. App. P. 73.2 is not properly filed).

Shead did not properly file new state writ applications until the fall of 2010, almost four years after the limitation period began to run. The statute of limitations was not tolled by Shead's 2010 state writ applications because they were filed after the one year limitation period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (dismissing a federal habeas petition as time-barred because a state habeas application filed after the federal limitation period expires does not toll the limitation period).

The AEDPA's limitation period is also subject to equitable tolling. Davis v. Johnson, 158 F. 3d 806, 810 (5th Cir. 1998). For equitable tolling to apply a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Stone, 614 F.3d at 139 (quoting Holland v. Florida, 130 S.Ct. 2549, 2562 (2010)). A petitioner's pro se status and ignorance of the law does not excuse a petitioner's untimely filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Shead has not alleged sufficient facts to show that extraordinary circumstances prevented him from timely filing his claim. The

court therefore concludes that Shead is not entitled to equitable tolling and that his petition is time-barred.

### III. Certificate of Appealability

Although Shead has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Shead must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing Shead must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.

For the reasons stated in this Memorandum Opinion and Order, Shead has not made a substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

## IV. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent's Motion to Dismiss with Brief in Support (Docket Entry No. 10) is **GRANTED**.

2. Shead's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 17th day of July, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE